# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs January 30, 2024

## IN RE CONSERVATORSHIP OF SUSAN DAVIS MALONE

**Appeal from the Probate Court for Shelby County**
**No. PR-24906          Joe Townsend, Judge**

_____

### No. W2024-00134-COA-T10B-CV

_____

This is the second interlocutory appeal as of right, pursuant to Tennessee Supreme Court Rule 10B, filed by the appellants seeking to recuse the trial judge in the underlying conservatorship action. After this Court entered its opinion and judgment in the first interlocutory appeal, the trial judge entered several orders before the mandate was entered with the trial court. In this second interlocutory appeal, appellants request, *inter alia*, that we declare those orders void for lack of subject matter jurisdiction. After careful review, we determine that the stay of trial court proceedings imposed by this Court in the first interlocutory appeal remained in place until the mandate was entered. Taking into consideration the limits of our review in a Rule 10B appeal, we vacate the trial court's orders entered between the time the appellants filed their second motion to recuse and the trial court's ruling on the recusal motion. We also vacate the trial court's order denying the second motion to recuse. Because the trial court's order denying the second motion to recuse is vacated, all remaining matters in this second interlocutory appeal are pretermitted as moot.

### Tenn. Sup. Ct. R. 10B Interlocutory Appeal as of Right;
### Judgment of the Probate Court Vacated; Case Remanded

THOMAS R. FRIERSON, II, J., delivered the opinion of the court, in which ANDY D. BENNETT and CARMA DENNIS MCGEE, JJ., joined.

Edward T. Autry, Memphis, Tennessee, for the appellants, Hannah Elizabeth Bleavins and Edward Thomas Autry.

David Wade, Christopher M. Myatt, and Bryant T. Carlton, Memphis, Tennessee, for the appellees, Lisa Malone Jackson and Paul Neil Royal.

**OPINION**

**I. Factual and Procedural Background**

This is the second accelerated interlocutory appeal filed pursuant to Tennessee Supreme Court Rule 10B in the underlying conservatorship action. The first was one of two related Rule 10B appeals filed on June 7, 2023, by attorneys Edward T. Autry and Hannah Elizabeth Bleavins ("Attorneys") seeking relief from an order denying their motion to recuse the trial judge, Judge Joe Townsend (the "trial judge"), in the Probate Court for Shelby County ("trial court"). *See In re Conservatorship of Susan Davis Malone*, W2023-00841-COA-T10B-CV, 2023 WL 8454618 (Tenn. Ct. App. Dec. 6, 2023) ("*Malone I*").[1] On December 6, 2023, this Court affirmed the trial court's denial of the motion to recuse in *Malone I* and in the related divorce case with Judge Kenny Armstrong dissenting from the majority opinion in both. The factual and procedural history that led to the filing of the initial Rule 10B appeal in the underlying conservatorship case is detailed in this Court's majority and dissenting opinions entered in *Malone I*.

Attorneys also filed two applications seeking extraordinary appeal, pursuant to Tennessee Rule of Appellate Procedure 10, in both the underlying conservatorship case and the related divorce case: *In re Conservatorship of Susan Davis Malone*, W2023-00689-COA-R10-CV, and *Susan Davis Malone v. Thomas Franklin Malone*, W2023-00690-COA-R10-CV (collectively, "the Extraordinary Appeals."). This Court denied both applications for extraordinary appeal by orders entered on December 19, 2023, and January 10, 2024, respectively.

In the instant case, Attorneys appeal the trial court's January 9, 2024 order denying their second motion for recusal of the trial judge. The complaints raised by Attorneys in this appeal arise from alleged actions and rulings of the trial judge during the pendency of the previous Rule 10B appeals, the relevant portion of which we now recount.

After Attorneys initiated the *Malone I* Rule 10B appeal, they filed a motion to stay proceedings in the trial court pending the outcome of that appeal, which this Court granted on June 14, 2023. The stay order expressly provided:

> [A]ll trial court proceedings shall be stayed pending further Order of this court. This stay includes but is not limited to: (1) the taking of the depositions of Attorneys Autry and Bleavins; (2) the production of

---

[1] The other Rule 10B appeal was filed simultaneously in the related divorce case, and this Court similarly affirmed the trial court's denial of the recusal motion. *See Malone v. Malone*, W2023-00843-COA-T10B-CV, 2023 WL 8457951 (Tenn. Ct. App. Dec. 6, 2023).

documents for such depositions; (3) the appointment of an interim conservator over the person and Estate of Ms. Malone; and (4) the turning over of Ms. Malone's funds by Attorneys Autry and Bleavins to an interim conservator. The trial court is prohibited from entering any dispositive orders.

On June 23, 2023, this Court entered orders staying the proceedings in the Extraordinary Appeals pending the outcome of *Malone I* and the Rule 10B appeal in the related divorce action.

On July 25, 2023, Attorneys filed a motion to clarify this Court's June 14, 2023 stay order in *Malone I*, alleging that the trial judge was using the stay order as an excuse to refuse to resolve any matter involving Attorneys or their law firm, Williams McDaniel, PLLC ("Williams McDaniel"). Attorneys further claimed that the trial judge not only refused to hear such matters himself but had also "prohibited" another judge, Judge Kathleen N. Gomes of Shelby County Probate Court Division I, from hearing any matters involving Attorneys or their law firm. On August 8, 2023, the *Malone I* Court granted Attorneys' motion to clarify, stating "that the trial judge is permitted to hear and enter dispositive orders in other matters pending before him that involve [Attorneys] and attorneys practicing with [Williams McDaniel]." In the order granting the motion to clarify, the *Malone I* Court reiterated that the stay entered on June 14, 2023, "prohibits the trial judge from entering dispositive orders" in the underlying action.

On October 10, 2023, this Court entered identical remand orders in the Extraordinary Appeals ("the Remand Orders"), lifting the stays entered in those appeals and remanding to the trial court "for the limited purpose of adjudicating [Attorneys'] May 2, 2023 motion to alter or amend."[2] On October 31, 2023, in response to the Remand Orders, the trial court entered an order "Partially Granting Five (5) Motions to Alter and Amend, Setting Aside the Findings of Facts and the Rulings in the Orders, and Setting Matters for Evidentiary Hearing." Therein, the trial court properly adjudicated the motion to alter or amend as expressly directed by this Court and properly ruled on four additional pending motions to alter or amend.[3]

---

[2] The motion to alter or amend was actually filed on May 8, 2023, which the trial court correctly stated in its October 31, 2023 order addressing the motion.

[3] The trial court determined that it was proper to grant the four additional motions to alter or amend, stating, "The Motions to Alter or Amend filed on May 8, 2023 are inextricably linked to the issues raised in the Motions to Alter or Amend filed on January 20, 2023 in the Emergency Conservatorship, Docket No. PR-24346; filed on June 5, 2023 in the Conservatorship; and filed on June 5, 2023 in the post-divorce matter." In an order entered on November 30, 2023, in *Malone I*, this Court deemed proper this portion of the trial court's October 31, 2023 order.

However, the trial court set in motion several other actions through the October 31, 2023 order that were not within the scope of the Remand Orders. Namely, the trial court determined that it would hold evidentiary hearings "to consider the substantive matters set forth in the [motion to alter or amend]" and accordingly set a status conference to be held on November 6, 2023, for the express purpose "of scheduling the evidentiary hearings to carry out the terms of [the October 31, 2023 order]." On November 6, 2023, the trial court conducted the "status conference," but rather than setting an evidentiary hearing for a specified date, as indicated in the October 31, 2023 order, the trial court proceeded to conduct the evidentiary hearing immediately following the status conference. The trial court subsequently entered two orders on November 7 and 15, 2023, memorializing its findings based on the November 6, 2023 evidentiary hearing. These actions of the trial court prompted Attorneys to file a "Motion to Void Trial Court Orders Entered After October 31, 2023 and For Writ of Mandamus" in *Malone I* and the related divorce recusal appeals.

On November 30, 2023, the *Malone I* Court entered an order partially granting Attorneys' motions and detailing the trial court's actions that had given rise to the motions. In the order, the *Malone I* Court determined that the trial court's November 6, 2023 "status conference" and subsequent evidentiary hearing were proceedings outside the scope of the trial court's authority as set forth in the limited Remand Orders entered in the Extraordinary Appeals. Accordingly, the *Malone I* Court declared void the trial court's orders flowing from the November 6, 2023 proceedings.

On December 6, 2023, this Court issued its majority Opinion and judgment affirming the trial court's denial of the recusal motion in both the *Malone I* conservatorship case and the related divorce case. In the *Malone I* Opinion, we lifted the stay that had been imposed on June 14, 2023, and remanded the matter to the trial court for further proceedings and a final determination therein. On December 7, 2023, Ms. Jackson and the other respondents in the conservatorship case ("the Conservatorship Respondents") filed an emergency motion before the trial court to clarify the status of Ms. Malone in light of the fact that Attorneys and Conservatorship Respondents remained in dispute about who was the rightful conservator over the person and finances of Ms. Malone. The Conservatorship Respondents sought the trial court's intervention regarding the "urgent question of who is charged with caring for Susan Davis Malone." The Conservatorship Respondents then filed a motion for a temporary restraining order prohibiting Attorneys from representing or acting on behalf of Ms. Malone in medical, financial, or other matters. The Conservatorship Respondents also filed an "Emergency Motion to Clarify Status" of Ms. Malone in this Court, which this Court denied as moot on December 8, 2023.

On December 11, 2023, the trial court entered two orders in the conservatorship case. The first was an order setting an evidentiary hearing on December 13, 2023, concerning Conservatorship Respondents' motion. The second was an order *sua sponte* discharging the guardian *ad litem* and attorney *ad litem* for Ms. Malone.

- 4 -

On December 12, 2023, Attorneys filed a second motion for recusal of the trial judge pursuant to Tennessee Supreme Court Rule 10B. In the motion, Attorneys alleged that the trial judge had shown bias against Attorneys and their law firm when he (1) refused to hear any matter in any case involving Attorneys or their law firm during the pendency of the first Rule 10B appeals; (2) conducted an evidentiary hearing on November 6, 2023, outside the scope of this Court's limited remand, and issued several orders stemming from the improper hearing, including an order removing Attorneys as conservators for Ms. Malone; and (3) conducted an *ex parte* hearing in another, unrelated matter without proper notice to Attorneys, which hearing resulted in removal of Attorney Bleavins as personal representative for the estate of another client.

On December 13, 2023, the trial court entered an order setting a hearing on Attorneys' second motion for recusal to be heard that afternoon. Attorneys did not appear for that hearing, and the trial judge orally continued the hearing until the next morning, informing opposing counsel to let Attorneys know about the continuance. On December 14, 2023, the trial court conducted an *ex parte* evidentiary hearing relative to the second motion for recusal and concerning certain other matters pending in the conservatorship case. As the hearing began, the trial judge stated that he had decided to conduct a hearing on the motion to recuse to determine "whether or not the motion is sufficient and also whether it is for the purpose of delay." The trial court also stated that the motion "looks deficient."

Notwithstanding these statements from the bench, the trial court did not rule on the motion to recuse during the hearing on December 14, 2023. Instead, the trial court proceeded to conduct an evidentiary hearing on Conservatorship Respondents' pending motions to clarify the status of Ms. Malone and for a restraining order against Attorneys. Based upon evidence presented during the hearing and the record as a whole, the trial court found "good cause" to enter an order on December 15, 2023, appointing an interim conservator for Ms. Malone. *See* Tenn. Sup. Ct. R. 10B, § 1.02 ("While the [recusal] motion is pending, the judge whose disqualification is sought shall make no further orders and take no further action on the case, except for good cause stated in the order in which such action is taken."). On December 26, 2023, in *Malone I*, Attorneys timely filed with our Supreme Court an accelerated application for permission to appeal this Court's Opinion. The Supreme Court denied the application on January 18, 2024. Mandate subsequently issued in *Malone I* and was entered by the trial court clerk on January 30, 2024.

On January 9, 2024, before the mandate was entered in *Malone I*, the trial court entered an order denying Attorneys' second motion for recusal of the trial judge. On January 29, 2024, Attorneys timely filed this appeal from that order pursuant to Rule 10B. On February 6, 2024, we entered an order imposing a stay on all proceedings before the

trial court pending resolution of this appeal. This Court also directed the appellees, Ms. Jackson and Mr. Royal, to file an answer.

On February 12, 2024, in the instant appeal, Attorneys filed a "Motion to Declare Void Any Orders Entered by Trial Court After December 6, 2023" ("Motion to Void Orders"). In the motion, Attorneys argue that the trial court erred in conducting a series of evidentiary hearings and entering several orders in the conservatorship case between December 11, 2023, and January 23, 2024, the time period after this Court entered its Opinion in *Malone I* but before the mandate transferring jurisdiction back to the trial court was entered by the trial court clerk on January 30, 2024. Attorneys posit that all of the actions taken by the trial court prior to entry of the mandate were erroneous because the trial court lacked subject matter jurisdiction. *See* Tenn. R. App. P. Rule 43(b)-(c).

In addition to their argument that the trial court lacked subject matter jurisdiction, Attorneys assert that any orders entered by the trial court between December 12, 2023, and January 9, 2024—the timeframe between the filing of their second recusal motion and the trial court's order denying same—were improper because they violated the mandatory stay imposed upon all trial court proceedings pending a Rule 10B recusal motion. *See* Tenn. Sup. Ct. R. 10B, § 1.02. Attorneys seek an order from this Court "rendering void all trial court orders entered after December 6, 2023."

On February 13, 2024, Ms. Jackson and Mr. Royal filed a motion to stay this appeal pending a resolution of Attorneys' Motion to Void Orders or for an extension of time to file their answer. In support of their motion, Ms. Jackson and Mr. Royal note that Attorneys' motion presents "a threshold issue" because "should this Court grant [Attorneys' motion] this accelerated appeal should necessarily be dismissed." Because this Court did not rule on the motion to stay before the deadline for an answer had passed, Ms. Jackson and Mr. Royal timely filed their answer on February 20, 2024. They subsequently filed a response to the Motion to Void Orders on February 22, 2024.

II. Issues Presented

Attorneys present five issues for our review, which we have restated as follows:

1.  Whether the trial judge demonstrated bias requiring recusal by "weaponizing" this Court's stay order when the judge refused to hear any matters or enter any orders involving Attorneys or Williams McDaniel.

2.  Whether the trial judge demonstrated bias requiring recusal by using this Court's limited remand in the related Rule 10 appeals as a reason to conduct an evidentiary hearing outside the scope of the remand and entering several orders arising from same.

- 6 -

3. Whether the trial judge demonstrated bias requiring recusal by entering *sua sponte* orders removing the guardian *ad litem* and attorney *ad litem* and closing the emergency conservatorship in the underlying conservatorship action two days prior to the scheduled evidentiary hearing.

4. Whether the trial judge demonstrated bias requiring recusal by conducting proceedings and taking action in the conservatorship matter while Attorneys' second motion for recusal remained pending.

5. Whether the trial judge demonstrated bias requiring recusal by entering an order granting a petition to substitute another attorney for Mr. Autry as personal representative by default in an unrelated matter.

Ms. Jackson and Mr. Royal present the following additional issue on appeal, which we have restated as follows:

6. Whether the trial court's rulings were in the best interest of the ward, Susan Davis Malone.

### III. Standard of Review

Appeals from orders denying a motion to recuse are governed by Rule 10B of the Rules of the Tennessee Supreme Court. The standard of review is *de novo*, with no presumption of correctness. *See* Tenn. Sup. Ct. R. 10B, § 2.01. Concerning the standard of review, the Tennessee Supreme Court has recently explained:

> "Tennessee litigants are entitled to have cases resolved by fair and impartial judges." *Cook v. State*, 606 S.W.3d 247, 253 (Tenn. 2020) (citing *Davis* [*v. Liberty Mut. Ins. Co.*], 38 S.W.3d [560,] 564 [(Tenn. 2001)]); *see also State v. Griffin*, 610 S.W.3d 752, 757-58 (Tenn. 2020). To preserve public confidence in judicial neutrality, judges must be fair and impartial, both in fact and in perception. *Cook*, 606 S.W.3d at 253; *Kinard v. Kinard*, 986 S.W.2d 220, 228 (Tenn. Ct. App. 1998). To these ends, the Tennessee Rules of Judicial Conduct ("RJC") declare that judges must "act at all times in a manner that promotes public confidence in the independence, integrity, and impartiality of the judiciary, and shall avoid impropriety and the appearance of impropriety." Tenn. Sup. Ct. R. 10, RJC 1.2. Another provision declares that judges "shall uphold and apply the law, and shall perform all duties of judicial office fairly and impartially." *Id.*, RJC 2.2.

To act "impartially" is to act in "absence of bias or prejudice in favor of, or against, particular parties or classes of parties, as well as maintenance of an open mind in considering issues that may come before a judge." *Id.*, Terminology. "A judge shall disqualify himself or herself in any proceeding in which the judge's impartiality might reasonably be questioned." *Id.*, RJC 2.11(A).

Rule of Judicial Conduct 2.11 "incorporates the objective standard Tennessee judges have long used to evaluate recusal motions." *Cook*, 606 S.W.3d at 255. "Under this objective test, recusal is required if 'a person of ordinary prudence in the judge's position, knowing all of the facts known to the judge, would find a reasonable basis for questioning the judge's impartiality.'" *Id.* (quoting *Davis*, 38 S.W.3d at 564-65).

The intermediate appellate courts have explained that the proponent of a recusal motion bears the burden of establishing that recusal is appropriate and that any alleged acts of bias or prejudice arise from extrajudicial sources rather than from events or observations during the litigation of the case. *Tarver v. Tarver*, No. W2022-00343-COA-T10B-CV, 2022 WL 1115016, at *2 (Tenn. Ct. App. Apr. 14, 2022). A trial judge has a duty to serve unless the proponent establishes a factual basis warranting recusal. *Raccoon Mtn. Caverns and Campground, LLC v. Nelson*, No. E2022-00989-COA-T10B-CV, 2022 WL 3100606, at *3 (Tenn. Ct. App. Aug. 4, 2022) (quoting *Rose v. Cookeville Reg'l Med. Ctr.*, No. M2007-02368-COA-R3-CV, 2008 WL 2078056, at *2 (Tenn. Ct. App. May 14, 2008)).

*Adams v. Dunavant*, 674 S.W.3d 871, 878-79 (Tenn. 2023). We may, in our discretion, decide the appeal without oral argument. *See* Tenn. Sup. Ct. R. 10B, § 2.06.

IV. Subject Matter Jurisdiction

Before reaching the merits of the instant recusal appeal, we address the threshold question raised by Attorneys in their Motion to Void Orders concerning whether the trial court maintained subject matter jurisdiction to enter orders or take any action in the underlying conservatorship case prior to entry of the mandate on January 30, 2024. "Subject matter jurisdiction relates to a court's authority to adjudicate a particular type of case or controversy brought before it." *In re Estate of Trigg*, 368 S.W.3d 483, 489 (Tenn. 2012) (citing *Osborn v. Marr*, 127 S.W.3d 737, 739 (Tenn. 2004); *Northland Ins. Co. v. State*, 33 S.W.3d 727, 729 (Tenn. 2000)). Because orders and judgments entered by courts without subject matter jurisdiction are void, "issues regarding subject matter jurisdiction should be considered as a threshold inquiry and should be resolved at the earliest possible opportunity." *Estate of Trigg*, 368 S.W.3d at 489 (internal citations omitted).

Attorneys contend that subject matter jurisdiction was not transferred back to the trial court until the mandate issued and was entered by the trial court clerk on January 30, 2024. Accordingly, they assert that any order entered by the trial court prior to that date should be declared void. Ms. Jackson and Mr. Royal, on the other hand, argue that jurisdiction vested immediately with the trial court upon entry of this Court's December 6, 2023 Opinion lifting the stay and affirming the trial court's denial of Attorneys' first motion to recuse.

The Tennessee Rules of Appellate Procedure define the "mandate" as "[c]opies, certified by the clerk of the appellate court, of the judgment, any order as to costs or instructions as to interest, and a copy of the opinion of the appellate court[.]" *See* Tenn. R. App. P. 43(a). The timing for issuance of the mandate is governed by Tennessee Rule of Appellate Procedure 42, which provides:

> The clerk of the [appellate court] shall transmit to the clerk of the trial court the mandate of the [appellate court] with notice to the parties, 64 days after entry of judgment unless the court orders otherwise.

Tennessee Rule of Appellate Procedure 43 governs the general procedure and instructions to the trial court concerning proceedings after the mandate issues:

I.  DISPOSITION OF APPEALS

(a)  Filing of Mandate. The clerk of the trial court shall file the mandate promptly upon receiving it.

(b)  Dismissal or Affirmance. When the appellate court dismisses the appeal or affirms the judgment and the mandate is filed in the trial court, execution may issue and other proceedings may be conducted as if no appeal had been taken.

(c)  Remandment. When the appellate court remands the case for a new trial or hearing and the mandate is filed in the trial court, the case shall be reinstated therein and the subsequent proceedings conducted after at least 10 days' notice to the parties.

This Court has explained that a trial court is without subject matter jurisdiction pending resolution of an appeal and is not reinvested with same until the trial court receives the mandate:

After a case has been appealed, a trial court does not reacquire jurisdiction over the case until it receives a mandate from the appellate court. Once the mandate reinvests the trial court's jurisdiction over a case, the case stands in the same posture it did before the appeal except insofar as the trial court's judgment has been changed or modified by the appellate court. *Raht v. Southern Ry.*, 215 Tenn. 485, 497, 387 S.W.2d 781, 786 (1965). The appellate court's opinion becomes the law of the case, *Gill v. Godwin,* 59 Tenn. App. 582, 786, 442 S.W.2d 661, 662-63 (1967), foreclosing and excluding any complaint, constitutional or otherwise, as to the issues addressed and decided in the appellate court's opinion. *Cook v. McCullough*, 735 S.W.2d 464, 469 (Tenn. Ct. App. 1987). Thus, the trial court does not have the authority to modify or revise the appellate court's opinion, *McDade v. McDade*, 487 S.W.2d 659, 663 (Tenn. Ct. App. 1972), or to expand the proceedings beyond the remand order. *Cook v. McCullough*, 735 S.W.2d at 470. The trial court's sole responsibility is to carefully comply with directions in the appellate court's opinion. *Raht v. Southern Ry.*, 215 Tenn. at 497-98, 387 S.W.2d at 786-87.

*Duke v. Duke*, 563 S.W.3d 885, 895-96 (Tenn. Ct. App. 2018) (quoting *Earls v. Earls*, No. M1999-00035-COA-R3-CV, 2001 WL 504905, at *3 (Tenn. Ct. App. May 14, 2001)) (emphasis added); *see Born Again Church & Christian Outreach Ministries, Inc. v. Myler Church Bldg. Systems of the Midsouth, Inc.*, 266 S.W.3d 421, 425-26 (Tenn. Ct. App. 2007) ("A trial court reacquires jurisdiction over a case after it receives a mandate from the appellate court.").

In their response to Attorneys' Motion to Void Orders, Ms. Jackson and Mr. Royal acknowledge that a notice of appeal as of right filed pursuant to Tennessee Rule of Appellate Procedure 3 "will generally deprive the trial court of jurisdiction," *see Born Again Church*, 266 S.W.3d at 425, and that in such a case, the trial court is not reinvested with jurisdiction until the mandate is received and filed by the trial court. However, Ms. Jackson and Mr. Royal posit that a petition for recusal appeal filed pursuant to Tennessee Supreme Court Rule 10B does not similarly deprive the trial court of jurisdiction pending resolution of the appeal. They argue that during pendency of a Rule 10B appeal, the trial court retains jurisdiction because Section 2.04 of the rule expressly states that "[t]he filing of a petition for recusal appeal does not automatically stay the trial court proceeding." Because, unlike a Rule 3 appeal, there is no automatic stay in a Rule 10B appeal, they contend that it necessarily follows that the trial court retains jurisdiction over the underlying proceedings.

According to Ms. Jackson and Mr. Royal, this difference stems from a "fundamental distinction between these two appellate procedures" concerning when and how each appeal can be filed. For example, a Rule 3 appeal can only be taken from a final judgment of the trial court, *see* Tenn. R. App. P. 3(a) ("In civil actions every <u>final judgment</u> entered by a

- 10 -

trial court from which an appeal lies to the [Court of Appeals] is appealable as of right") (emphasis added), whereas a Rule 10B interlocutory appeal can be raised at any time during the proceedings before the trial court, *see* Tenn. Sup. Ct. R. 10B, § 1.01 ("Any party seeking . . . recusal . . . shall do so by a written motion filed promptly after a party learns or reasonably should have learned of the facts establishing the basis for recusal.") (emphasis added). Because parties can file a Rule 10B interlocutory appeal at any time during the proceedings below, Ms. Jackson and Mr. Royal contend that a trial court never loses jurisdiction during such an appeal.

We agree that the absence of an automatic stay in a Rule 10B appeal indicates that in some instances a trial court may continue to conduct proceedings even while a Rule 10B appeal remains pending. In support of this determination, we note that this Court has previously declined to vacate or declare void orders entered by a trial court pending resolution of a recusal appeal when no stay has been entered. *See, e.g.*, *Wright v. Buyer*, No. W2019-01157-COA-R3-CV, 2021 WL 796701, at *3 (Tenn. Ct. App. Mar. 2, 2021). However, we do not agree with Ms. Jackson and Mr. Royal that the lack of an automatic stay in a Rule 10B appeal establishes that the trial court retains jurisdiction over the case in all instances while the appeal is pending. In a Rule 10B appeal, just as in a Rule 3 appeal, a timely notice of appeal pursuant to Rule 10B will "confer jurisdiction on this Court." *See Williams by & through Rezba v. HealthSouth Rehab. Hosp. N.*, No. W2015-00639-COA-T10B-CV, 2015 WL 2258172, at *4 (Tenn. Ct. App. May 8, 2015).

Significantly, in *Malone I*, this Court did enter a stay respecting all proceedings before the trial court. That stay prohibited the trial court from, *inter alia*, conducting discovery, naming and transferring funds to an interim conservator for the person and estate of Ms. Malone, and entering any dispositive orders in the conservatorship case. It is undisputed that this Court entered a stay of trial court proceedings in *Malone I* and subsequently lifted the stay in its December 6, 2023 opinion and judgment.

The threshold query before us, therefore, is whether our lifting of the stay in *Malone I* took effect immediately upon entry of the Opinion on December 6, 2023, or whether the stay remained in effect until the mandate issued and was entered by the trial court on January 30, 2024. Ms. Jackson and Mr. Royal postulate that the stay lifted immediately upon entry of this Court's opinion because, in the absence of an automatic stay, Attorneys' petition for recusal appeal never operated to "strip the trial court of jurisdiction." Accordingly, they urge that the mandate had "no bearing on the trial court's jurisdiction to enter orders in this case" as it would have had in a Rule 3 appeal. They further assert that "[o]nce the stay was lifted, the trial court had full jurisdiction and authority to address any matters before the trial court" immediately upon entry of this Court's Opinion. Conversely, Attorneys maintain that the trial court did not regain jurisdiction over the conservatorship action until the mandate issued and was entered, transferring jurisdiction back to the trial court on January 30, 2024.

- 11 -

At the outset, we note that Rule 10B makes no mention of mandates or their effect on a trial court's jurisdiction concerning a case. However, the Tennessee Supreme Court Rules, which include Rule 10B, are governed by the Tennessee Rules of Appellate Procedure unless the particular rule expressly provides otherwise. *See* Tenn. Sup. Ct. R. 1. Therefore, we conclude that because we find no rule to the contrary, the mandate procedure outlined in Tennessee Rules of Appellate Procedure 42 and 43 applies similarly to both Rule 3 and Rule 10B appeals.

Having determined that Rules 42 and 43 apply to the instant case, we reiterate that Rule 43 expressly provides that a trial court reacquires jurisdiction to take action in a matter only after the appellate court's mandate is received and filed by the trial court:

> (b) Dismissal or Affirmance. When the appellate court dismisses the appeal or affirms the judgment and the mandate is filed in the trial court, execution may issue and other proceedings may be conducted as if no appeal had been taken.

> (c) Remandment. When the appellate court remands the case for a new trial or hearing and the mandate is filed in the trial court, the case shall be reinstated therein and the subsequent proceedings conducted after at least 10 days' notice to the parties.

(Emphasis added.)

Regarding timing of the issuance of a mandate, Tennessee Rule of Appellate Procedure 42(a) provides in pertinent part:

> The clerk of the Court of Appeals and Court of Criminal Appeals shall transmit to the clerk of the trial court the mandate of the Court of Appeals or Court of Criminal Appeals, with notice to the parties, 64 days after entry of judgment unless the court orders otherwise. The timely filing of a petition for rehearing will stay the mandate until disposition of the petition unless the court orders otherwise.[4] The mandate shall issue 64 days after denial of the petition for rehearing or, if the petition for rehearing is granted, 64 days after entry of judgment on rehearing.

Rule 42(b) further provides:

---

[4] We note that in the context of an accelerated interlocutory appeal pursuant to Rule 10B, a petition for rehearing is not permitted. *See* Tenn. Sup. Ct. R. 10B, § 2.06 ("Tenn. R. App. P. 39 . . . does not apply to the appellate court's decision on an accelerated interlocutory appeal, and a petition for rehearing pursuant to that rule is therefore not permitted in such appeals.").

Stay When Review by Supreme Court Is Sought. Unless otherwise ordered by the Supreme Court, Court of Appeals, Court of Criminal Appeals, or a judge thereof, the timely filing of an application for permission to appeal in the Supreme Court shall stay the issuance of the mandate of the Court of Appeals or Court of Criminal Appeals, which stay is effective until final disposition by the Supreme Court. Upon the filing of an order of the Supreme Court denying the application for permission to appeal, the mandate shall issue immediately.

To resolve the issue at hand, it is necessary to consider the purpose undergirding the procedure for issuing mandates. Our Supreme Court has explained the reasoning for the sixty-four-day delay between entry of this Court's opinions and issuance of the mandate as follows:

The clear intent of this sixty-four-day period is to allow the parties sixty days to file an application for permission to appeal to the Tennessee Supreme Court, *see* Tenn. R. App. P. 11, as well as to provide a four-day "cushion" which enables the filing of the application by registered mail. If no application for permission to appeal is filed within this time frame, mandate shall issue. Tenn. R. App. P. 42(a). If, however, an application for permission to appeal is timely filed, then the issuance of mandate is stayed pending final disposition by the Supreme Court. Tenn. R. App. P. 42(b).

*Brooks v. Carter*, 993 S.W.2d 603, 610 (Tenn. 1999).

We interpret this instruction to mean that the sixty-four-day period is intended to maintain the status quo in the trial court so that parties may have an opportunity to appeal a decision of this Court without the complication of further proceedings being undertaken by the trial court.[5] By this reasoning, only after the time for appeal has expired should the mandate reinvest subject matter jurisdiction with the trial court.

As in a Rule 3 appeal, parties who file recusal appeals pursuant to Rule 10B also have the opportunity to appeal this Court's decisions to the Tennessee Supreme Court. *See* Tenn. Sup. Ct. R. 10B, § 2.07. It follows that in a rule 10B appeal, the delay between entry of this Court's opinion and issuance of the mandate would serve the same purpose as it does in a Rule 3 appeal, that is, to maintain the status quo in the trial court. In further support, we note that in the context of both a Rule 3 and a Rule 10B appeal, a timely

---

[5] We note the timeframe during which a party may appeal this Court's ruling in a Rule 10B appeal is shorter than that for a Rule 3 appeal: only twenty-one days. *See* Tenn. Sup. Ct. R. 10B, § 2.07. However, this difference is of no consequence because the overarching intention in issuing the mandate after a period of time is to halt further proceedings in the trial court to afford any party the opportunity to appeal.

application for permission to appeal to the Supreme Court will stay the issuance of the mandate pending final disposition of that appeal. *See* Tenn. R. App. P. 42(b). However, we reiterate that status quo in the trial court will *not* be automatically maintained if no stay is issued during pendency of a Rule 10B appeal, as Ms. Jackson and Mr. Royal have pointed out.

We find the reasoning behind the time delay between entry of an opinion and judgment of this Court and filing of the mandate in the trial court to be compelling. During the pendency of a stay, parties should not be confronted with continued proceedings in the trial court, which could potentially confuse and compound the issues, while resolution of their appeals remain pending. This proves especially important in a Rule 10B appeal wherein recusal is sought because of the alleged bias of the trial judge. Without a clearly defined boundary as to when subject matter jurisdiction transfers back to the trial court from the reviewing appellate court, duplicate and conflicting orders may arise, resulting in an unnecessary expenditure of judicial resources as well as litigants' time and expense. The procedures and timeline for issuing mandates, as outlined in Rules 42 and 43, provide certain and necessary parameters of jurisdiction.

Moreover, the rules of appellate procedure clearly confer authority upon appellate courts to stay, recall, or even shorten the time for a mandate to issue depending upon the procedural posture of the case before the trial court and any further appeals in the respective case. *See* Tenn. R. App. P. 42 (a)-(d); *see, e.g.*, *C.W.H. v. L.A.S.*, 538 S.W.3d 488, 499 (Tenn. 2017) ("Clearly, the appellate courts' authority to alter the sixty-four-day window for issuance of a mandate is within the ambit of [Tenn. R. App. P. 42]."). The reviewing court's authority to determine when jurisdiction transfers back to the trial court through its control of the mandate highlights the tenet that the appellate court retains jurisdiction over any matter until mandate is issued and entered.

In the instant case, we discern no reason to remove or alter the jurisdictional parameters that the mandate provides, especially considering the flurry of contested orders entered by the trial court, which this Court has repeatedly been called upon to address. Therefore, upon careful review, we conclude that the lifting of the stay in *Malone I* did not take effect until the mandate was filed and the trial court was reinvested with subject matter jurisdiction on January 30, 2024.

V.  Limitation of Rule 10B Review on Appeal

Having determined that the trial court did not reacquire subject matter jurisdiction and that the stay was not effectively lifted until the mandate was entered in *Malone I* on January 30, 2024, we turn to Attorneys' Motion to Void Orders. Attorneys ask this Court to void all orders entered by the trial court following entry of this Court's December 6, 2023 Opinion. Regarding the scope of review in a Rule 10B appeal, this Court has explained:

- 14 -

[T]he only order this Court may review on a Rule 10B accelerated interlocutory appeal is the trial court's order denying the motion to recuse. *Duke*, 398 S.W.3d at 668. Under Rule 10B, we may not "review the correctness or merits of the trial court's other rulings. . . ." *Id.*; *see also Stark* [ *v. Stark*], [W2019-00901-COA-T10B-CV,] 2019 WL 2515925, at *8 [(Tenn. Ct. App. June 18, 2019)] ("[W]hether the trial judge erred in his rulings on Husband's motions is not an issue in this limited, interlocutory appeal.").

*Adkins v. Adkins*, No. M2023-00384-COA-T10B-CV, 2021 WL 2882491, at *17 (Tenn. Ct. App. April 15, 2021). Accordingly, the issue before us in this Rule 10B appeal is "whether the trial court erred in denying the motion for recusal." *See McKenzie v. McKenzie*, No. M2014-00010-COA-T10B-CV, 2014 WL 575908, at *1 (Tenn. Ct. App. Feb. 11, 2014).

Notwithstanding the foregoing, the scope of our appellate review also includes the authority to vacate any orders entered by the trial court during the pendency of the motion to recuse. As this Court has recently explained:

> When a trial court ignores a pending motion to recuse and enters further orders in a case without making a finding of good cause as dictated by Rule 10B section 1.02, the orders entered during the pendency of the motion to recuse may be vacated on appeal. *See Ophelia Carney v. Santander Consumer USA*, No. M2010-01401-COA-R3-CV, 2015 WL 3407256, at *7 (Tenn. Ct. App. May 28, 2015) (vacating order entered while motion to recuse was pending); *Frances G. Rodgers v. Yarboro A. Sallee*, No. E2013-02067-COA-R3-CV, 2015 WL 636740 (Tenn. Ct. App. Feb. 13, 2015) (vacating orders entered after filing of motion to recuse but prior to trial court's decision to grant motion to recuse); *see also Neal v. Hayes*, No. E2011-00898-COA-R3-CV, 2012 WL 260005 (Tenn. Ct. App. Jan. 30, 2012) (concluding prior to the enactment of Rule 10B that an order which simultaneously ruled on contested issues and granted a motion to recuse must be vacated in regard to the contested issues).

*In re Conservatorship of Tapp*, No. W2021-00718-COA-R3-CV, 2023 WL 1957540, at *10 (Tenn. Ct. App. Feb. 13, 2023) (quoting *State v. Coleman*, No. M2017-00264-CCA-R3-CD, 2018 WL 1684365, at *9 (Tenn. Crim. App. Apr. 6, 2018)).

Here, the trial court entered two orders during the pendency of the second motion for recusal: the December 13, 2023 order setting a hearing on the motion for recusal and the December 15, 2023 order appointing Ms. Jackson and Mr. Royal as interim conservators for Ms. Malone. These orders were also entered prior to entry of the mandate

in *Malone I* reinvesting the trial court with subject matter jurisdiction on January 30, 2024. Exercising our authority to vacate orders entered by a trial court during the pendency of a recusal motion, *see In re Conservatorship of Tapp*, 2023 WL 1957540, at *10, and reiterating that the mandate had not vested the trial court with jurisdiction in the conservatorship case, we vacate, for lack of subject matter jurisdiction, the trial court's December 13, 2023 order setting a hearing and the December 15, 2023 order appointing interim conservators for Ms. Malone. We also vacate, for lack of subject matter jurisdiction, the trial court's January 9, 2024 order denying Attorneys' second motion for recusal. Because we are limited in our review, we do not reach the question of whether the trial court's other orders were entered in error. *See Adkins*, 2014 WL 575908, at *17; *In re Conservatorship of Tapp*, 2023 WL 1957540, at *10. Accordingly, Attorneys' Motion to Void Orders is granted only as it relates to the trial court's December 13, 2023 order setting a hearing on the motion to recuse; the December 15, 2023 order appointing an interim conservator for Ms. Malone; and the January 9, 2024 order denying Attorneys' second motion for recusal. Regarding all other contested orders, this Court takes no further action.[6]

In the Motion to Void Orders, Attorneys further request that "[i]n the event this matter is dismissed and remanded to the trial court for lack of subject matter jurisdiction," this Court order the mandate from the instant appeal be issued "ten (10) days after the entry of judgment, pursuant to Rule 42(a) of the Tennessee Rules of Appellate Procedure," and that this Court order that Attorneys "shall have fifteen (15) days from the filing of the mandate in the trial court to re-file their Second Recusal Motion before any orders may be entered by the trial court." In the alternative, Attorneys request that this Court "include instructions that Judge Joe Townsend shall not conduct any proceedings or enter any orders for at least ten (10) days following notice to the parties of the trial court clerk's entry of the mandate in the trial court."

Although we maintain the authority to abbreviate the mandate time period, *see* Tenn. R. App. P. 42(a); *C.W.H.*, 538 S.W. 3d at 499, we decline to do so in the case at bar. We further decline to enter any specific instructions to the trial court to refrain from entering orders prior to entry of the mandate in the instant appeal. In accordance with the

---

[6] The Motion to Void Orders contests the following orders issued by the trial court: (1) December 11, 2023 order setting a hearing date, (2) December 11, 2023 order discharging the guardian *ad litem* and attorney *ad litem*; (3) December 11, 2023 order setting aside all prior orders and entering a final judgment closing the emergency conservatorship in the related case number PR-24346; (4) December 13, 2023 order setting a hearing on Attorneys' second recusal motion; (5) December 15, 2023 order appointing an interim conservator for Ms. Malone; (6) January 9, 2024 order denying Attorneys' second recusal motion; and (7) January 23, 2024 order appointing permanent conservators over the person and estate of Ms. Malone. As stated in the body of this Opinion, we do not reach the merits of any orders other than those entered on December 13 and 15, 2023, and the recusal denial order entered on January 9, 2024, due to the limited scope of our review in a Rule 10B appeal.

clear operation of Tennessee Rules of Appellate Procedure 42 and 43, as discussed herein, the stay entered in this recusal appeal on February 6, 2024, shall remain in effect until the mandate issues and is entered by the trial court clerk. Entry of the mandate by the trial court clerk shall signal that subject matter jurisdiction has transferred back to the trial court. *See* Tenn. R. App. P. 43; *Duke*, 563 S.W.3d at 895-96 (quoting *Earls v. Earls,* No. M1999-00035-COA-R3-CV, 2001 WL 504905, at *3 (Tenn. Ct. App. May 14, 2001)).

Furthermore, because we have vacated for lack of subject matter jurisdiction the trial court's order denying Attorneys' second recusal motion, that recusal motion remains pending before the trial court. We therefore remand this case to the trial court to conduct a hearing on the pending second recusal motion. We reiterate that pursuant to Tennessee Rule of Appellate Procedure 43(c), the recusal motion hearing shall only be conducted after "at least 10 days' notice to the parties."

## VI. Conclusion

For the foregoing reasons, Attorneys' Motion to Void Orders is granted in part and denied in part. The December 13, 2023 order setting a hearing on the second recusal motion; the December 15, 2023 order appointing an interim conservator; and the January 9, 2024 order denying Attorneys' second recusal motion are vacated for lack of subject matter jurisdiction. This Court takes no further action to address Attorneys' Motion to Void Orders. Because we hereby vacate the trial court's order denying recusal, all remaining issues and motions raised in this accelerated recusal appeal are pretermitted as moot. The stay in the conservatorship case is hereby lifted, effective after the mandate relative to the instant case shall be entered by the trial court, and the case is remanded for further proceedings in accordance with this Opinion. Costs of this appeal are taxed to the Appellants, Edward T. Autry and Hannah Elizabeth Bleavins.

s/Thomas R. Frierson, II

_____
THOMAS R. FRIERSON, II, JUDGE